UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANA GREENWOOD                                                CIVIL ACTION

VERSUS                                                        NO. 20-1590

UNITED STATES OF AMERICA                                      SECTION: H(5)

ORDER AND REASONS

Before the Court is Defendant United States of America's Motion for Summary Judgment (Doc. 23). For the following reasons, this Motion is **GRANTED**.

BACKGROUND

This case involves a medical malpractice claim that arises out of medical care provided to Plaintiff Dana Greenwood at the New Orleans Veterans Affairs Medical Center. Plaintiff sued under the Federal Torts Claim Act ("FTCA"), alleging "an error of professional medical judgment and a lack of basic knowledge on the part of employees including physicians, nurses and

1

other medical staff who did not follow the standard of care for medical treatment."[1]

On November 8, 2013, Dr. Joseph Buell with Tulane Medical Center performed surgery on Plaintiff to install a wound vacuum. As of May 13, 2014, Plaintiff began suffering from wound drainage and severe abdominal pain allegedly associated with this surgery. During this same time, Plaintiff visited physicians with Veterans Affairs ("VA") for treatment for hepatitis. These physicians referred Plaintiff back to Dr. Buell to treat his drainage and pain. Dr. Buell recommended that Plaintiff complete his hepatitis treatment before undergoing surgery to address the drainage. Plaintiff's hepatitis treatment ended on November 15, 2015, but he did not receive surgery on his wound until October 2016, allegedly as a result of the negligence of VA physicians. Plaintiff filed this FTCA suit for damages in June 2020.

Almost a year later, in April 2021, Plaintiff's attorney withdrew from representing him. The Court's Scheduling Order from February 2021 set a deadline of July 22, 2021 for Plaintiff's list of witnesses and exhibits. Plaintiff never provided this list. In August 2021, Defendant moved for summary judgment.[2] Plaintiff filed no opposition.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if

---

[1] Doc. 1 at 2.
[2] Doc. 23.

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[5] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[6] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[7] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[8] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[3] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[5] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[6] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[8] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

necessary facts."[9] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[10]

## LAW AND ANALYSIS

Defendant moves for summary judgment on the grounds that Plaintiff's failure to substantiate his allegations of malpractice with expert medical testimony is fatal to his claim under the FTCA. Plaintiff did not deliver any expert reports and disclosures to Defendant before the deadline set by this Court, and Plaintiff failed to oppose Defendant's Motion for Summary Judgment. "A motion for summary judgment cannot be granted simply because there is no opposition."[11] "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."[12]

"The [FTCA] is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment."[13] Under the FTCA, "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances."[14]

---

[9] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[10] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[11] Day v. Wells Fargo Bank Nat. Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (quoting Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir.1985)).
[12] *Hibernia Nat. Bank*, 776 F.2d at 1279.
[13] United States v. Orleans, 425 U.S. 807, 813 (1976).
[14] 28 U.S.C. § 2674.

"State law controls liability for medical malpractice under the FTCA."[15] Since Greenwood treated at the New Orleans VA, Louisiana law on medical malpractice applies to his claim.[16]

Louisiana law requires Plaintiff to establish the standard of care applicable to the VA physicians who allegedly committed medical malpractice.[17] "Expert testimony is generally required to establish the applicable standard of care and whether that standard of care was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony."[18] Accordingly, because Plaintiff failed to present any expert testimony as to the standard of care and how the VA physicians breached it, the Court must grant Defendant's Motion for Summary Judgment unless the alleged negligence was sufficiently obvious.

"Expert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body, from which a lay person can infer negligence."[19] Here, Plaintiff alleges that VA physicians failed to timely diagnose and refer for treatment his abdominal drainage. This allegation does not rise to the level of obvious negligence identified by Louisiana courts. The failure to diagnose or

---

[15] Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008) (citing Ayers v. United States, 750 F.2d 449, 452 n. 1 (5th Cir. 1985)).
[16] *See* Doc. 23-4 at 2–10.
[17] *See* LA. REV. STAT. § 9:2794; Montz v. Williams, 188 So. 3d 1050, 1051 (La. 2016).
[18] Myles v. Hosp. Serv. Dist. No. 1 of Tangipahoa Par., 248 So. 3d 545, 550 (La. App. 1st Cir. 2018) (citing Pfiffner v. Correa, 643 So. 2d 1228, 1233–34 (La. 1994)).
[19] *Pfiffner*, 643 So. 2d at 1233.

provide treatment is not so obviously negligent that a lay person can infer as much without the benefit of expert testimony.[20]

In *Fujita v. United States*, the Fifth Circuit held that a district court did not abuse its discretion in granting summary judgment and dismissing a *pro se* litigant's case when he failed to designate an expert witness to establish the standard of care in a medical malpractice case.[21] Although the district court in *Fujita* had extended the deadline for expert disclosures in light of the plaintiff's *pro se* status, the Fifth Circuit noted that the court would have been justified in enforcing the original deadline.[22] The Court finds that enforcing the original deadline is especially appropriate here where Plaintiff had the benefit of counsel for almost a year. Without expert testimony, Plaintiff cannot establish essential elements of his claim. Accordingly, this Court grants summary judgment to Defendant.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED** and this case is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 2nd day of December, 2021

---

[20] *See, e.g.*, Lee v. United States, No. 07-9157, 2009 WL 1046903 (E.D. La. Apr. 20, 2009); Dennis v. United States, No. 09-3556, 2010 WL 3470860 (E.D. La. Aug. 30, 2010); Chinchilla v. United States, No. 98-1504, 1999 WL 993640 (E.D. La. Nov. 2, 1999).
[21] 416 Fed. Appx. 400 (5th Cir. 2011).
[22] *Id.* at 403, 403 n.6.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

7